IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| James Kevin Frazier,<br><br>             Petitioner,<br>v.<br><br>Charles L. Ryan, et al.,<br><br>             Respondents. | No. CV-17-04546-PHX-SPL<br><br>**ORDER** |

The Court has before it Petitioner's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 and the Supplement. (Docs. 1 and 3) The Court has also received Respondents' Limited Answer (Doc. 9), Petitioner's Reply to the Limited Answer (Doc. 10), the Report and Recommendation of the Magistrate Judge (Doc. 11), Petitioner's Objections (Doc. 12) and the Response to the Report and Recommendation. (Doc. 13)

Petitioner argues in Ground 1 that the statue of conviction was unconstitutional because it violated his rights to be found guilty only by proof beyond a reasonable doubt. (Doc. 1 at 6) In Ground 2, Petitioner argues counsel was ineffective for failing to challenge the constitutionality of the statute. (*Id.* at 7) Respondents argue Petitioner's claims are untimely. (Doc. 9 at 7-11) Respondents further argue the Petitioner claims are technically exhausted, but procedurally defaulted. (*Id.* at 11-18) The Magistrate Judge concluded the Petitioner failed to file a timely habeas petition, concluding the Petitioner's claims are untimely and that the equitable tolling high threshold has not been met. (Doc. 11 at 4-7)

The Petitioner received the Arizona Supreme Court's final judgment on October 18, 2012. (Exhibits G, I-W, Y and Z) The record reflects that the Petition was not filed until December 6, 2017. (*Id.*)

A district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). When a party files a timely objection to an R&R, the district judge reviews *de novo* those portions of the R&R that have been "properly objected to." Fed. R. Civ. P. 72(b). A proper objection requires specific written objections to the findings and recommendations in the R&R. *See United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003); 28 U.S.C. § 636(b)(1). It follows that the Court need not conduct any review of portions to which no specific objection has been made. *See Reyna-Tapia*, 328 F.3d at 1121; *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985) (discussing the inherent purpose of limited review is judicial economy). Further, a party is not entitled as of right to *de novo* review of evidence or arguments which are raised for the first time in an objection to the R&R, and the Court's decision to consider them is discretionary. *United States v. Howell*, 231 F.3d 615, 621-622 (9th Cir. 2000).

The Court has undertaken an extensive review of the sufficiently developed record. The Petitioner's objections to the findings and recommendations have also been carefully considered.

After conducting a *de novo* review of the issues and objections, the Court reaches the same conclusions reached by Judge Boyle. This Court finds the Petition is untimely and that the Petitioner has failed to meet the high threshold for equitable tolling. Having carefully reviewed the record, the Petitioner has not shown that he is entitled to habeas relief. The R&R will be adopted in full. Accordingly,

**IT IS ORDERED:**

1. That the Magistrate Judge's Report and Recommendation (Doc. 11) is **accepted** and **adopted** by the Court;

2. That the Petitioner's Objections (Doc. 12) are **overruled**;

2

3. That the Petition for Writ of Habeas Corpus and Supplement (Docs. 1 and 3) are **denied** and this action is **dismissed with prejudice**;

4. That a Certificate of Appealability and leave to proceed *in forma pauperis* on appeal are **denied** because the dismissal of the Petition is justified by a plain procedural bar and reasonable jurists would not find the ruling debatable; and

5. That the Clerk of Court shall **terminate** this action.

Dated this 20th day of August, 2018.

Honorable Steven P. Logan
United States District Judge